POST & SCHELL, P.C.
BY:  MARC H. PERRY, ESQUIRE
E-MAIL: mperry@postschell.com
I.D. # 68610
FOUR PENN CENTER, 13TH FLOOR
1600 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA  19103-2808
215-587-1000

ATTORNEYS FOR DEFENDANT,
PENNSYLVANIA CVS PHARMACY,
LLC.

CLARENCE FUNDENBERG,

Plaintiff,

v.

MARKET STREET CVS, INC., CVS
PHARMACY, INC., MARKET 1044 L.L.C.,
CVS HEALTH CORPORATION, and
PENNSYLVANIA CVS PHARMACY,
L.L.C.

Defendants.

IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF PENNSYLVANIA

## DEFENDANT, PENNSYLVANIA CVS PHARMACY, L.L.C.'S (IMPROPERLY NAMED AS MARKET STREET CVS, INC., CVS PHARMACY, AND INC. CVS HEALTH CORPORATION), PETITION FOR REMOVAL PURSUANT TO 28 U.S.C.§1332 AND U.S.C.§1441

Defendant, Pennsylvania CVS Pharmacy, L.L.C. (improperly named as Market Street CVS, Inc., CVS Pharmacy Inc., and CVS Health Corporation), by and through its attorneys, Post & Schell, P.C., hereby petitions to remove the above-captioned action, which is presently in the Court of Common Pleas, Philadelphia County, December 2018 Term, No. 3535 pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 *et seq.,* and in support thereof, avers as follows:

I.     **NATURE OF ACTION**

1.     This action arises out of an alleged slip and fall accident that occurred on January 13, 2017 outside a CVS store located in Philadelphia, PA. See a true and correct copy of Plaintiff's Complaint attached hereto as Exhibit "A."

2.      Plaintiff is a resident of Pennsylvania with an address of 1922 Auth Street, Pennsylvania 19124. <u>Id</u>.

3.      Co-Defendant, Market 1044 L.L.C. is a limited liability company with a business address of 275 Madison Avenue, NY. Id.

4.      Defendant, Pennsylvania CVS Pharmacy, L.L.C. (CVS Pharmacy Inc. and Market Street CVS, Inc.[1]) is a Pennsylvania limited liability company with a business address of 1046 Market Street, Philadelphia, Pennsylvania. <u>See</u> Affidavit of Melanie K. Luker attached hereto as Exhibit "B."

5.      The sole member of Pennsylvania CVS Pharmacy, L.L.C. is CVS Pharmacy, Inc., who is also named as a defendant in this action. <u>Id</u>.

6.      Defendant, CVS Pharmacy, Inc., is a foreign corporation with a principal place of business located at One CVS Drive, Woonsocket, Rhode Island 02895. <u>Id</u>.

7.      Plaintiff alleges to have suffered "serious and permanent in nature, including, but not limited to disc injuries and/or exacerbation thereof, cervical sprain and strain, lumbar sprain and strain, right knee contusion, headaches, left shoulder sprain and strain, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering." "A" at ¶¶15. Plaintiff further alleges that as a result of the incident "Plaintiff has suffered medically determinable physical and/or mental impairment, which prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the usual and customary activities prior to the incident." "A" at ¶¶18. Plaintiff also alleges to have "suffered severe physical pain, mental anguish and humiliation, and may continue to suffer the same for an indefinite time in the

---

[1] Market Street CVS, Inc. not an existing legal entity. <u>See</u> Exhibit "B."

future", in addition to "financial expenses, which do or may exceed amounts that Plaintiff may otherwise be entitled to recover. "A" at ¶¶18-20.

8.      Pursuant to Pennsylvania pleading rules, Plaintiff has also asserted that the alleged damages are in excess of the $50,000 jurisdictional limits of a Board of Arbitrators. See Exhibit "A."

## II.      PROCEDURAL HISTORY

9.      On or about January 2, 2019 Plaintiff filed a Complaint in the Philadelphia County Court of Common Pleas. See Exhibit "A."

10.     The Complaint was served on Pennsylvania CVS Pharmacy, L.L.C. on January 5, 2019.

11.     Pursuant to 28 U.S.C. § 1446(b)(2)(B), Defendants shall have thirty (30) days after service of the Complaint to file a notice of removal.

12.     This notice of removal, and related papers, has been filed within thirty (30) days of the date of service of the Complaint on Defendants and is, therefore, timely under 28 U.S.C. § 1446(b).

## III.     LEGAL ARGUMENT

### A.      THE ADVERSE PARTIES ARE COMPLETELY DIVERSE

13.     Pursuant to 28 U.S.C. § 1332, a matter may be removed to Federal Court based upon the diversity of citizenship of the parties.

14.     Complete diversity of citizenship between the parties exists when "every plaintiff [is] of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

15.   A corporation is considered to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

16.   Under the "nerve center" test adopted by the United States Supreme Court, a corporation's principal place of business is the headquarters of the corporation, *i.e.* that "place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

17.   In addition, "the citizenship of an LLC is determined by the citizenship of each of its members." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).

18.   As stated above, as well as in the Complaint, Plaintiff is a resident of Pennsylvania.

19.   Pennsylvania CVS Pharmacy, L.L.C's member is CVS Pharmacy, Inc. As the sole member of the LLC, the citizenship of CVS Pharmacy, Inc. (Rhode Island) is used to determine the citizenship of Pennsylvania CVS Pharmacy, L.L.C.

20. Further, Co-Defendant, Market 1044 L.L.C. is a limited liability company with a business address of 275 Madison Avenue, NY. Id.

19.   As a result, there is complete diversity of citizenship between the Plaintiff (Pennsylvania), CVS Defendants (Rhode Island), and Co-Defendant (New York).

**B.**   **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

20.   Under 28 U.S.C. §1332(a), federal jurisdiction based on diversity of citizenship requires that the amount in controversy exceed $75,000.

21.   The amount in controversy is measured by the pecuniary value of the rights being litigated. Hunt v. Washington Apple Advertising Commission, 432 U.S. 333, 347, 53 L. Ed. 2d 383, 97 S. Ct. 2434 (1977).

22.    "The amount in controversy is **not** measured by the low end of an open ended claim, but rather by a reasonable reading of the value of the rights being litigated." Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993), citing Hunt v. Washington State Apple Advertising Comm'n., 432 U.S. 333, 347 (1977)[emphasis added].

23.    The Court must find that the amount in controversy requirement has been satisfied when a reasonable jury could value the plaintiff's losses at an amount above the jurisdictional minimum. Id.; see also Corwin Jeep Sales & Service v. American Motors Sales Corp., 670 F. Supp. 591, 596 (M.D. Pa. 1986) (finding amount in controversy requirement met when the court could not "find to a legal certainty that the parties' respective rights under the franchise agreement are worth less than the jurisdictional minimum.").

24.    In this case, Plaintiff alleges to have suffered "serious and permanent in nature, including, but not limited to disc injuries and/or exacerbation thereof, cervical sprain and strain, lumbar sprain and strain, right knee contusion, headaches, left shoulder sprain and strain, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering." "A" at ¶¶15. Plaintiff further alleges that as a result of the incident "Plaintiff has suffered medically determinable physical and/or mental impairment, which prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the usual and customary activities prior to the incident." "A" at ¶¶18. Plaintiff also alleges to have "suffered severe physical pain, mental anguish and humiliation, and may continue to suffer the same for an indefinite time in the future", in addition to "financial expenses, which do or may exceed amounts that Plaintiff may otherwise be entitled to recover. "A" at ¶¶19-20.

25.     Considering all of these items of claimed recoverable damages, while Defendants dispute Plaintiff's allegations, a reasonable jury could value Plaintiff's losses at an amount in excess of the $75,000 minimum.

## IV.     **CONCLUSION**

26.     Therefore, with both the existence of diversity of citizenship between the parties and the amount of controversy threshold having been satisfied, removal is proper under 28 U.S.C. §§ 1332 and 1441.

**WHEREFORE**, Defendant, Pennsylvania CVS Pharmacy, L.L.C. (improperly named as Market Street CVS, Inc.,CVS Pharmacy Inc., and CVS Health Corporation), respectfully requests that this Honorable Court find this case to have been properly removed and assume full jurisdiction of this matter.

Respectfully submitted,

**POST & SCHELL, P.C.**

BY:   _____

**DATED:** January 30, 2019

MARC H. PERRY, ESQUIRE
AARON L. DUNBAR, ESQUIRE
Attorneys for DEFENDANTS

# EXHIBIT "A"

## CIVIL ACTION COMPLAINT

## COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| **DECEMBER 2018** | **003535** |
| E-Filing Number: 1901001543 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| CLARENCE FUNDENBERG | MARKET STREET CVS INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1922 AUTH STREET PHILADELPHIA PA 19124 | ONE CVS DRIVE WOONSOCKET RI 02895 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | CVS PHARMACY, INC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | ONE CVS DRIVE WOONSOCKET RI 02895 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | MARKET 1044 L.L.C. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 275 MADISON AVENUE SUITE 702 NEW YORK NY 10016 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 5 | ☒ Complaint ☐ Writ of Summons | ☐ Petition Action ☐ Transfer From Other Jurisdictions | ☐ Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less ☒ More than $50,000.00 | ☐ Arbitration ☒ Jury ☐ Non-Jury ☐ Other: | ☐ Mass Tort ☐ Savings Action ☐ Petition | ☐ Commerce ☐ Minor Court Appeal ☐ Statutory Appeals | ☐ Settlement ☐ Minors ☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2S – PREMISES LIABILITY, SLIP/FALL |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | **FILED PRO PROTHY** JAN **02** 2019 **M. BRYANT** | YES    NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>CLARENCE FUNDENBERG</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| KEITH W. KOFSKY | 1617 J.F.K. BLVD., #355 PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215) 563-6333 | (215) 563-3580 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 65725 | Kkofskylaw@gmail.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| KEITH KOFSKY | Wednesday, January 02, 2019, 02:40 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. MARKET STREET CVS INC.
   ONE CVS DRIVE
   WOONSOCKET RI 02895
2. CVS PHARMACY, INC
   ONE CVS DRIVE
   WOONSOCKET RI 02895
3. MARKET 1044 L.L.C.
   275 MADISON AVENUE SUITE 702
   NEW YORK NY 10016
4. CVS HEALTH CORPORATION
   ONE CVS DRIVE
   WOONSOCKET RI 02895
5. PENNSYLVANIA CVS PHARMACY, L.L.C.
   795 BALTIMORE PIKE
   SPRINGFIELD PA 19064

THIS IS A MAJOR JURY MATTER.
ASSESSMENT OF DAMAGES HEARING
IS REQUIRED.

**CLEARFIELD & KOFSKY**
By: Keith W. Kofsky, Esquire
Identification No.: 65725
One Penn Center at Suburban Station
1617 JFK Boulevard, Suite 355
Philadelphia, PA 19103
(215) 563-6333

Attorney for Plaintiff

*Filed and Attested by the
Judicial Records
02 JAN 2019 02:30 pm
M. BRYANT*

| | | |
|---|---|---|
| CLARENCE FUNDENBERG<br>1922 Auth Street<br>Philadelphia, PA 19124<br>v.<br>MARKET STREET CVS, INC.<br>One CVS Drive<br>Woonsocket, RI 02895<br>and<br>CVS PHARMACY, INC.<br>One CVS Drive<br>Woonsocket, RI 02895<br>and<br>MARKET 1044 L.L.C.<br>275 Madison Avenue, Suite 702<br>New York, NY 10016<br>(continued on next page) | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>JANUARY TERM, 2019<br><br>NO. |

## COMPLAINT IN CIVIL ACTION
### (Code #2S - Premises Liability - Slip and Fall)

**NOTICE**

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL & INFORMATION SERVICE
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

**AVISO**

"Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENDIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Penna. 19107
(215) 238-1701
Teléfono: (215) 238-1701

Case ID: 181203535

CVS HEALTH CORPORATION                    :
One CVS Drive                             :
Woonsocket, RI 02895                      :
    and                                   :
PENNSYLVANIA CVS PHARMACY, L.L.C.          :
795 Baltimore Pike                        :
Springfield, PA  19064                    :
                                          :

## GENERAL AVERMENTS

1.    Plaintiff, Clarence Fundenberg, is an adult individual who resides at the above-captioned address.

2.    Defendant, Market Street CVS, Inc. is a corporation, licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an office for service located at the above-captioned address.

3.    Defendant, CVS Pharmacy, Inc. is a corporation, licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an office for service located at the above-captioned address.

4.    Defendant, Market 1044 LLC, is a Pennsylvania limited liability corporation, licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an office for service located at the above-captioned address.

5.    Defendant, CVS Health Corporation. is a Delaware corporation, licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an office for service located at the above-captioned address.

6.    Defendant, Pennsylvania CVS Pharmacy, L.L.C, is a Pennsylvania limited liability corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with

a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

7.    At all times material hereto, Defendants did own, operate, manage, control, or possess the premises located at 1046 Market Street, Philadelphia, Pennsylvania.

8.    At all times material hereto, Defendants acted or failed to act by and through their agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and course of their employment with Defendants, in furtherance of Defendants' businesses and on behalf of Defendants.

9.    On or about January 13, 2017, and for some time prior thereto, Defendants acting by and through their agents, servants, workmen and/or employees, acting as aforesaid, carelessly and negligently allowed the sales floor to be in a dangerous condition for an unreasonable period of time.

10.    On or about January 13, 2017, Plaintiff, Clarence Fundenberg, was a business invitee at the aforesaid location.

11.    Plaintiff was injured by reason of coming in contact with the aforementioned dangerous and defective condition at the aforesaid location, causing Plaintiff the injuries that form the basis for this action.

12.    The aforesaid incident was due solely to the negligence and carelessness of the Defendants, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

## COUNT I
## PLAINTIFF, CLARENCE FUNDENBERG v. ALL DEFENDANTS

13.    Plaintiff, Clarence Fundenberg, incorporates by reference hereto, all of the allegations contained in the General Averments, as if they were set forth at length herein.

14.    The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

(a)    allowing and causing a dangerous and defective condition to exist on the floor of the aisle at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

(b)    said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

(c)    Defendants knew or should have known of the existence of said dangerous condition;

(d)    failing to give warning or notice of the defective condition;

(e)    failing to inspect, repair and/or maintain the floors;

(f)    failing to remove the aforesaid defective and dangerous condition;

(g)    failing to provide Plaintiff with a safe and adequate passageway;

(h)    permitting a highly dangerous condition to exist for an unreasonable length of time;

(i)    failing to perform duties which were assumed;

(j)    failing to use due care under the circumstances;

(k)    failing to otherwise maintain the premises in a safe way;

(l)    failing to stock at appropriate times;

(m)     failing to shut down the aisle during or after stocking activities have

commenced;

(n)     failing to maintain the carpet such that it did not bunch up;

(o)     permitting the floor beneath the carpet to be unlevel;

(p)     failing to ensure that merchandise was not permitted to remain on the floor;

(q)     permitting a slippery product to remain on the floor;

(r)     negligence per se;

(s)     failing to comply with and/or enforce provisions of the applicable lease

agreement;

(t)     violation of the Philadelphia Property Maintenance Code;

(u)     in being otherwise careless, and negligent, the particulars of which are

presently unknown to Plaintiff, but which may be learned by discovery

procedures provided by the Pennsylvania Rules of Civil Procedure or which

may be learned at the trial of this case.

15.     As a direct result of this incident, Plaintiff, Clarence Fundenberg, has suffered injuries which are or may be serious and permanent in nature, including, but not limited to the following injuries: disc injuries and/or exacerbation thereof, cervical sprain and strain, lumbar sprain and strain, right knee contusion, headaches, left shoulder sprain and strain, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

16.     As a further result of this incident, Plaintiff, Clarence Fundenberg, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

17.    As a further result of this incident, Plaintiff, Clarence Fundenberg, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

18.    As a further result of this incident, Plaintiff, Clarence Fundenberg, has suffered medically determinable physical and/or mental impairment, which prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the incident.

19.    As a direct and reasonable result of the aforementioned incident, Plaintiff, Clarence Fundenberg, has or may hereafter incur other financial expenses, which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

20.    As a further result of the aforementioned incident, Plaintiff, Clarence Fundenberg, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Clarence Fundenberg, demands judgment against the Defendants, jointly and/or severally, for damages, in an amount not in excess of the arbitration limits, plus interest and costs.

**CLEARFIELD & KOFSKY**

BY: _____

**KEITH W. KOFSKY, ESQUIRE**
Attorney for Plaintiff, Clarence Fundenberg

17.     As a further result of this incident, Plaintiff, Clarence Fundenberg, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

18.     As a further result of this incident, Plaintiff, Clarence Fundenberg, has suffered medically determinable physical and/or mental impairment, which prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the incident.

19.     As a direct and reasonable result of the aforementioned incident, Plaintiff, Clarence Fundenberg, has or may hereafter incur other financial expenses, which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

20.     As a further result of the aforementioned incident, Plaintiff, Clarence Fundenberg, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE**, Plaintiff, Clarence Fundenberg, demands judgment against the Defendants, jointly and/or severally, for damages, in an amount in excess of the arbitration limits, plus interest and costs.

CLEARFIELD & KOFSKY

BY: _____

KEITH W. KOFSKY, ESQUIRE
Attorney for Plaintiff, Clarence Fundenberg

Case ID: 181203535

## VERIFICATION

I, _Clarence Fundenberg_ hereby verify that I am the
_plaintiff_ in the attached _Civil Action_, and
that the facts set forth herein are true and correct to the best of my knowledge,
information and belief.  I understand that false statements made herein are subject
to the penalties of the 18 PA C.S. §4904, relating to unsworn falsification to
authorities.

NAME _Clarence Fundenberg_

ADDRESS _____

DATE _____

Case ID: 181203535

# EXHIBIT "B"

## AFFIDAVIT OF MELANIE K. LUKER

CLARENCE FUNDENBERG,

          Plaintiff,

      v.

MARKET STREET CVS, INC., CVS
PHARMACY, INC., MARKET 1044 L.L.C.,
CVS HEALTH CORPORATION, and
PENNSYLVANIA CVS PHARMACY,
L.L.C.

          Defendants.

IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF PENNSYLVANIA

## AFFIDAVIT OF MELANIE K. LUKER

BEFORE ME, the undersigned Notary, on this day personally appeared Melanie K. Luker, and being by me first duly sworn, on her oath, states as follows:

1.    My name is Melanie K. Luker, I am over the age of twenty-one and have personal knowledge of the information set forth in this Affidavit. This Affidavit is submitted in support of Defendants Pennsylvania CVS Pharmacy, L.L.C. (improperly named as CVS Pharmacy, Store 1064) and CVS Pharmacy, Inc.'s Petition for Removal.

2.    I am a Sr. Manager and Assistant Secretary of CVS Pharmacy, Inc.

3.    At the time of the incident alleged in the Complaint, and presently, CVS Pharmacy, Inc. is a foreign corporation with its principal place of business located at One CVS Drive, Woonsocket, Rhode Island 02895.

4.    Pennsylvania CVS Pharmacy, L.L.C. is a Pennsylvania limited liability company with a business address of 1826 Chestnut Street, Philadelphia, Pennsylvania.

5.    CVS Pharmacy, Inc. is the sole member of Pennsylvania CVS Pharmacy, L.L.C.

6.   "CVS Pharmacy, Store 1064" is not an existing legal entity.

MELANIE K. LUKER

Sworn to before me this
30ᵗʰ the day of ___JANUARY___, 2018 9

NOTARY PUBLIC



Jennifer L. Dufresne
Notary Public
State of Rhode Island
My Commission Expires 02/13/2022

2

## CERTIFICATE OF SERVICE

    MARC H. PERRY, ESQUIRE hereby states that a true and correct copy of the foregoing Petition for Removal to be electronically filed with the Court and served upon counsel of record.

**POST & SCHELL, P.C.**

BY: _____

**DATED:** January 30, 2019

    MARC H. PERRY, ESQUIRE
    AARON L. DUNBAR, ESQUIRE
    Attorneys for DEFENDANTS